JOSEPH C. BOWLING, JR., DOING BUSINESS AS ALLIED PERSONNEL OF RALEIGH v. CHRISTINE HINES AND ETHEL B. JONES

No. 7310DC9

(Filed 28 March 1973)

Contracts § 4; Frauds, Statute of § 5; Guaranty— promise to pay fee contracted by another — written contract — liability of promisor

Where the contract in question between plaintiff and defendant Jones was in writing, the consideration for the contract was plaintiff's obtaining employment for defendant Hines, the amount defendant Jones agreed to pay was the amount of the fee earned by plaintiff in securing employment for defendant Hines, and the parties stipulated

Bowling v. Hines

that plaintiff had obtained employment for defendant Hines and the fee was $169.00, the trial court erred in dismissing plaintiff's claim against defendant Jones.

Judge BROCK dissenting.

APPEAL by plaintiff from *Preston, Judge,* 8 May 1972 Session of District Court held in WAKE County.

Plaintiff, Joseph C. Bowling, Jr., doing business as Allied Personnel of Raleigh, instituted this action against defendants, Christine Hines and Ethel B. Jones, to recover a job placement fee of $169.00. In his complaint, plaintiff alleged that defendant Jones entered into a contract with plaintiff guaranteeing "the payment of the One Hundred Sixty-Nine Dollars ($169.00) due by Christine Hines." The contract between plaintiff and defendant Jones, dated 20 June 1969, which the parties stipulated was genuine, in pertinent part provides:

Ethel B. Jones
"I, Christine Hines will be responsible for
the job fee for Christine Hines in the event
he/she is placed through Allied Personnel. My
telephone number is 833-3411.

A. I understand this fee is to be paid in cash
upon acceptance and before reporting to said job
and will pay cash for Christine Hines for job
placement. My bank is Wachovia Bank.

B. I have good credit and will finance the fee
for job placement, _____. I understand this will
be in said agency before _____ reports on the job
he/she has been accepted on. Two credit references
are (1) Kimbrell's Furniture (2) Hudson Belk."

Defendant Jones filed answer denying the material allegations of the complaint.

At a final pretrial conference, plaintiff and defendant Jones entered into the following pertinent stipulations:

"a. On or about June 19, 1969 plaintiff and defendant Christine Hines entered into a contract whereby plaintiff would endeavor to secure employment for Christine Hines, who would in turn pay to the plaintiff the amount set out in said written contract for the services rendered.

b. That the defendant Ethel B. Jones entered into a written agreement on June 20, 1969 whereby she guaranteed the payment of the fee to be paid by Christine Hines.

c. That the plaintiff did secure employment for Christine Hines and that the fee incurred thereby was the amount of $169.00."

Additionally, it was stipulated that the contract of 19 June 1969 between plaintiff and defendant Hines and the contract of 20 June 1969 between plaintiff and defendant Jones were "genuine, and, if relevant and material, may be received in evidence without further identification or proof." Plaintiff and defendant Jones also stipulated that the issues were as follows:

"a. Did the defendant, Ethel B. Jones, breach her agreement with the plaintiff?

b. If so, what amount is the plaintiff entitled to recover of the defendant?"

The record reveals that:

"It was further stipulated by the attorneys for the plaintiff and Ethel B. Jones that judgment would be rendered by the Court based upon the stipulations herein and that the sole question involved was whether or not the agreement signed by Ethel B. Jones and designated as plaintiff's Exhibit #2, along with the other exhibits and stipulations was sufficient as a matter of law to bind the defendant, Ethel B. Jones."

The judgment entered by the court in pertinent part recites:

"[T]hat the document signed by the Defendant Ethel B. Jones and attached to the Complaint herein is a written agreement unsupported by consideration moving to Ethel B. Jones but instead is for the obligation of another, namely, Christine Hines; and

[T]hat under the terms of said written agreement there is no way that liability can be ascertained and that it is necessary to go beyond said instrument to prove the case; and

[T]hat the parol evidence rule under the statute of frauds forbids going beyond the limits of said document, and no

specific liability can be fixed under the terms of this agreement;

Now, THEREFORE, it is ORDERED, ADJUDGED, and DECREED that as to the Defendant Ethel B. Jones, this action be dismissed; but as to the Defendant Christine Hines, the matter is retained for further order of the Court."

From the signing and entry of this judgment, plaintiff appealed.

*Robert T. Hedrick for plaintiff appellant.*

*Robert L. McMillan for defendant appellee.*

HEDRICK, Judge.

Plaintiff's claim against defendant Jones on her contract to guarantee payment of the fee incurred by defendant Hines is established when the pleadings and the stipulations are considered together.

The consideration for the contract between plaintiff and defendant Jones was plaintiff's obtaining employment for defendant Hines. Since the contract between plaintiff and defendant Jones was in writing, the statute of frauds has no application. G.S. 22-1. The amount defendant Jones agreed to pay was the amount of the fee earned by plaintiff in securing employment for defendant Hines. The parties stipulated that plaintiff had obtained employment for defendant Hines and that the fee was $169.00.

Based upon the stipulations, plaintiff is entitled to judgment against defendant Jones in the amount of $169.00. The judgment dismissing plaintiff's claim against defendant Jones is reversed and the case is remanded to the district court for the entry of judgment in accordance with the stipulations.

Reversed and remanded.

Judge VAUGHN concurs.

Judge BROCK dissents.

Judge BROCK dissenting.

The opinion of the majority reverses and remands for entry of judgment against the defendant Jones in the amount

of $169.00. This allows plaintiff to recover against defendant Jones upon a note given by defendant Hines to plaintiff to which defendant Jones was not a party. The majority treats the note as the same thing as the contract between defendant Hines and plaintiff, the performance of which was guaranteed by defendant Jones. However, there is no allegation, stipulation, or other evidence that the note sued on by plaintiff was given in payment of the obligation of defendant Hines to plaintiff under the contract. Of course, if the note were given in payment of defendant Hines' obligation under her contract with plaintiff, the question would arise as to whether such *payment* discharged defendant Jones from her guarantee of performance of the contract.

I concur in the majority view that the reasons given by the trial judge for dismissing the action against defendant Jones are not valid. However, the judgment of the trial court, in my opinion, reaches the correct result. Therefore, I vote to affirm the dismissal of the action as to defendant Jones.